CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 6 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

THOMAS LORENZO GOODMAN,  )
    Plaintiff,  )    **Civil Action No. 7:06-cv-00342**
     )
v.  )    **MEMORANDUM OPINION**
     )
C/O T. GILMORE, et. al.,  )    **By: Hon. James C. Turk**
    Defendants.  )    **Senior United States District Judge**

Plaintiff Thomas L. Goodman, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Goodman alleges that the defendants wrongfully charged, convicted, and penalized him for violating a prison disciplinary regulation. The hearing officer penalized Goodman by charging him a fine and docking him an unspecified amount of good conduct time. Goodman seeks to have his good time restored and to recover monetary damages for defendants' wrongful conduct leading to his conviction.

Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

## I.

Goodman alleges the following sequence of facts from which his claims arise. On June 5, 2005, in connection with another incident that is not a part of this lawsuit, officers had Goodman sitting in a chair with his hands cuffed behind him and his ankles shackled. Officer Gilmore was

1

standing behind Goodman to his right. Goodman sneezed and as he did so, angled his head downward. He then sniffed and blew his nose, trying to clear it. Gilmore told another officer that Goodman had sniffed at her. The officer advised her to write up a charge against Gilmore–for sexual assault. Hearing Officer Mullins refused to review or admit into evidence the tape from surveillance cameras as proof that Goodman did not make any contact with Gilmore. Goodman did not get to submit witness testimony because an officer put his witness request in the wrong box, and the hearing officer did not delay the hearing for a day so that the witnesses could be obtained. Relying on Gilmore's testimony, Mullins found Goodman guilty and penalized him with loss of good conduct time and a fine. Warden Tracy Ray failed to review the surveillance tape or to overturn the verdict or the sentence. An investigating officer told Ray that the surveillance tape did not appear to show that Goodman made contact with Gilmore's crotch as she alleged and as necessary to support an assault conviction against Goodman.

## II.

Upon review of the record, the court finds that Goodman's claims for damages related to the disciplinary conviction have not accrued. If a prisoner's challenge to disciplinary hearing procedures would necessarily imply the invalidity of his conviction if successful, any cause of action under §1983 for monetary damages against individuals involved in that conviction does not accrue until the prisoner shows that the conviction has been otherwise overturned. See Edwards v. Balisok, 520 US 641(1997)(citing Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). While convicted prisoners relinquish many rights upon being incarcerated, the due process clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules. Wolff v. McDonnell, 418 U.S. 539 (1974). When an inmate is faced with

2

the loss of good time credits, prison officials must provide him with (1) advance written notice of the charge against him; (2) a written record of the disciplinary committee's findings and the evidence relied on in convicting him; and (3) the right to present witness statements or testimony. Id.

Under these principles, if Goodman could prove his claims that Gilmore falsified evidence and that he was denied access to witness statements and/or testimony that he had requested, such proof would invalidate the disciplinary conviction. Specifically, the Court in Balisok held that an inmate's claim for declaratory relief and money damages, based on "allegations of deceit . . that necessarily impl[ied] the invalidity of the punishment imposed, is not cognizable under § 1983. 520 U.S. at 648. As Goodman offers no indication that the disciplinary conviction has been invalidated or expunged, his claims for damages against the defendants under § 1983 have not yet accrued and must be dismissed pursuant to § 1915(A).[1]

Moreover, in order to seek restoration of his lost good conduct time, Goodman must proceed in habeas corpus. Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973). Because Goodman offers no indication that he has presented any of his claims in state habeas proceedings as required under 28 U.S.C. § 2254(b) before filing a federal petition, the court will not construe Goodman's current pleadings as a federal habeas petition. To the extent that Goodman seeks restoration of good conduct time, the court will dismiss his § 1983 claims without prejudice. An appropriate order will

---

[1]Goodman also challenges the fine imposed. As such punishment does not constitute undue hardship beyond the expected conditions of his prison sentence, he has no federally protected liberty interest regarding the fine. See Sandin v. Conner, 515 U.S. 472 (1995). Thus, his § 1983 claims regarding the fine must also be dismissed, pursuant to § 1915A.

3

be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This _5th_ day of June, 2006.

Senior United States District Judge

4